O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINERVA ESCOBEDO, ) | CASE NO. CV 10-04938 RZ |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| vs. ) | AND ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

        Plaintiff Minerva Escobedo is blind in one eye, but the Administrative Law Judge nevertheless concluded that she retained the residual functional capacity to work at all exertional levels, with limitations imposed as a result of having her vision confined to one eye. Relying on the vocational expert's testimony, the Administrative Law Judge further concluded that, although Plaintiff could not perform her past relevant work, there were sufficient jobs in the economy that she could perform notwithstanding her impairment, and therefore she was not entitled to receive disability benefits. In this Court, Plaintiff challenges the Commissioner's decision on two grounds.

        First, Plaintiff asserts that the Administrative Law Judge erroneously relied on the testimony of the vocational expert, because the hypothetical question he posed to the vocational expert did not include a limitation based on Plaintiff's limited English skills. A vocational expert's testimony can stand as substantial evidence supporting the

Administrative Law Judge's decision if the hypothetical questions he answers fairly describe the claimant's limitations. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Moreover, a hypothetical question which asks the vocational expert to credit a specific portion of the record adequately incorporates limitations which that portion of the record addresses, without the need for the Administrative Law Judge to spell them out. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). Here, the Administrative Law Judge established on the record that the vocational expert had been present during Plaintiff's testimony [AR 54], and it was during that testimony that Plaintiff stated that she had completed only the sixth grade, and that was in Mexico. [AR 30-31] The administrative hearing was conducted with a Spanish-speaking interpreter [AR 29], so it was clear that Plaintiff's English language skills were limited, and Plaintiff herself testified that she could not read or write English, and only could say a few words. [AR 31] Thus, all this information was before the vocational expert at the time that she testified, and the Administrative Law Judge's hypothetical question asked the vocational expert to assume a person of Plaintiff's education and background. [AR 55] Thus, it is clear that the language limitation was well within the understanding of the vocational expert when she testified, and therefore there is no merit to Plaintiff's first argument.

Plaintiff's second argument is that the Administrative Law Judge erred in rejecting Plaintiff's own testimony. An Administrative Law Judge is entitled to use ordinary techniques of credibility evaluation, *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (1989). Here, the Administrative Law Judge relied on the fact that there was little objective evidence of any limitations beyond those she imposed, and that Plaintiff's statements were inconsistent. [AR 21-22] These are valid bases for disbelieving a claimant. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*). There was no documentation in the opthamologists' records of any problem with Plaintiff's other eye. As for her claim that she was severely depressed, there was no medical record indicating depression, and certainly not severe depression. There was an indication that Plaintiff took an anti-anxiety medication (but, according to her own

written statement, only on an as-needed basis [AR 152]), and the Administrative Law Judge noted the anti-anxiety medication, but correctly noted that it was not an anti-depressant. [AR 22] Plaintiff now asserts that the Administrative Law Judge should have developed the record further, but that responsibility arises only when the record is ambiguous or insufficient to support a decision, *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001), factors that are not true here. The Administrative Law Judge also noted that Plaintiff could perform a wide range of household chores, and correctly noted that there was no record evidence to support that any slowing-down in performing these chores meant that Plaintiff's impairments were disabling. [AR 22] The Administrative Law Judge was measured in her assessment of Plaintiff's credibility, and did not err.

Neither of Plaintiff's arguments justifies relief. In accordance with the foregoing, therefore, the decision of the Commissioner is affirmed.

DATED: February 22, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE